UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

M<small>ANETIRONY</small> C<small>LERVRAIN</small>,

            Plaintiff,

            Case No. 1:20-cv-348

v.

            Honorable Robert J. Jonker

K<small>ATHLEEN</small> H<small>ANK</small> S<small>AWYER</small>,

            Defendant.
_____/

## **OPINION**

This is a civil action brought by an immigration detainee. Because the Court previously granted Plaintiff leave to proceed *in forma pauperis*, the Court is required to screen the complaint and dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

**Discussion**

I. **Factual allegations**

Plaintiff Manetirony Clervrain is presently detained at the Moore Detention Center in Okmulgee, Oklahoma. Plaintiff sues Kathleen Hank Sawyer.[1]

Plaintiff was released from federal prison on August 29, 2019, *see* Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (click "Find By Number," and enter "96396-004" as the BOP number) (last visited June 18, 2020). Before his release, he had been serving a 108-month sentence for attempt and conspiracy to commit mail fraud. *See Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24, 2018); *United States v. Clervrain*, No. 0:11-cr-20074 (S.D. Fla. Nov. 14, 2012) (Sentencing Hr'g Tr., ECF No. 99, 14:9-16:14). Apparently, during Plaintiff's incarceration, the Government initiated removal proceedings against him. *See Clervrain v. Barr*, No. 20-60168 (5th Cir. Mar. 4, 2020) (appealing a decision of the Board of Immigration Appeals); 8 U.S.C. § 1227(a)(2).

Although judicial opinions from Plaintiff's previous litigation offer some background on Plaintiff, his 208-page complaint is almost completely void of factual allegations. Plaintiff's instant complaint appears to connect in some way to his removability status or immigration more generally. He references the Immigration and Nationality Act, the Freedom of Information Act, genocide, apartheid, the International Court of Justice, and the Vienna Convention without substantially connecting one to any other or why any relates to him. Likewise, he dedicates a substantial portion of the complaint to tables listing, among other people and things, his previous cases (Compl., ECF No. 1, PageID.12-16), the four most recent presidents of the

---

[1] Presumably, Plaintiff intends to name Kathleen *Hawk* Sawyer, the Director of the Federal Bureau of Prisons from August 2019 to February 2020. *See* Federal Bureau of Prisons, *New Director Appointed* (Feb. 26, 2020, 8:00 AM ET), https://www.bop.gov/resources/news/20200225_carvajal_appointed_director.jsp.

United States (*id.*, PageID.19), federal appellate judges (*id.*, PageID.23), and state secretaries of state (*id.*, PageID.27-29), but he fails to adequately explain the relevance of the listed people and things to this action.

## II.     Frivolity

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios.  *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.  An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely.  *Id.*

In this case, the Court is completely unable to discern what facts or claims Plaintiff seeks to present in his complaint.  While the complaint itself is typed and legible, the words often do not form coherent sentences, nor do they convey clear thoughts.  Plaintiff has filed a number of similar suits in district courts throughout the country.  *See e.g., Clervrain v. Nejen*, No. 20-cv-134, 2020 WL 2104934 (N.D. Okla. May 1, 2020) ("motion for supplemental injustice adversely affected ['The Ants'] and for related matter for justification act ('TAJA')"); *Clervrain v. Wilson et al.*, No. 2:20-cv-2061, 2020 WL 1977392 (W.D. Ark. Apr. 24, 2020) (same); *Clervrain v. Revell*, 2018 WL 5281366 (D. Kan. Oct. 24, 2018) ("Mr. Clervrain has filed more than thirty case in various federal courts across the country.")  As other courts have stated, Plaintiff's complaints "'contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief.'"  *Clervrain v. Pompeo*, No. 4:20-cv-555-SRC,

2020 WL 1975083, at *2 (quoting *Clervrain v. Coraway*, No. 3:18-cv-819-G-BN, 2018 WL 6313216, at *2 (N.D. Tex. Nov. 9, 2018)).

Because the court is unable to decipher Plaintiff's rigmarole, his complaint necessarily lacks an arguable basis either in law or fact.  *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).  Moreover, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8.  Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged, much less that such cause lies against Defendant.

## Conclusion

Having conducted the review required by 28 U.S.C. § 1915(e)(2), the Court determines that Plaintiff's complaint will be dismissed as frivolous. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

A judgment consistent with this opinion will be entered.

Dated:   June 23, 2020            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  CHIEF UNITED STATES DISTRICT JUDGE